IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE KIM RAQUINIO, | CIV. NO. 23-00278-SOM-KJM |
| Plaintiff, | ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS |
| vs. | |
| CRAIG SAUERS, ADDY BASS, AND CHASE GAMBILL | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS***

I.     INTRODUCTION.

On July 5, 2023, Plaintiff Noe Kim Raquinio filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). *See* ECF Nos. 1, 3. Pursuant to 28 U.S.C. § 1915(e)(2), this court has screened the Complaint and determined that it fails to state a claim on which relief may be granted. Accordingly, the court dismisses the Complaint and denies the IFP Application as moot.

II.    FACTUAL BACKGROUND.

Raquinio's Complaint contains only two factual allegations. ECF No. 1. He alleges that a "neighbor tapped [the] county water line and has been running their house [waste] water directly into [Raquinio's] fresh water," and that, through unspecified means, Raquinio's family's car was damaged. *Id*.

Although Raquinio names three defendants in his complaint, he does not make clear who allegedly interfered with his water supply. *Id.* ("*Neighbor* tapped county water line") (emphasis added). He implied that Defendant Addy Bass may have had a role in the disabling of his family vehicle, but does not say so explicitly or explain how. *Id.* ("broke 2016 Subaru WR-X by hiring Addy Bass"). No further factual allegations are included in the Complaint.

**III.     STANDARD.**

To proceed in *forma pauperis*, Raquinio must demonstrate that he is unable to prepay the court fees, and that he has sufficiently pled claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). The court therefore screens Raquinio's Complaint to see whether it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.").

**IV.     ANALYSIS.**

The spare factual allegations in Raquinio's Complaint do not support a viable claim. As noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint is required to "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

Raquinio alleges that the Defendants violated 42 U.S.C. § 300i-1, a provision of the Safe Drinking Water Act (SDWA) prohibiting tampering with public water systems. ECF No. 1. Section 300i-1 provides for both criminal and civil enforcement. As concerns civil actions, the language of the provision suggests

that only the Administrator of the Environmental Protection Agency is authorized to bring such actions.  42 U.S.C. § 300i-1(c) ("The Administrator may bring a civil action . . . against any person who tampers, attempts to tamper, or makes a threat to tamper with a public water system.").  The only court to have considered the issue determined that, in fact, only the EPA Administrator is entitled to bring such cases.  *Fluker v. Fed. Bureau of Prisons*, No. CIV.A.07-CV-02426CMA, 2009 WL 1065986, at *3 (D. Colo. Apr. 21, 2009) ("the Safe Drinking Water Act provides that a civil action under 42 U.S.C. § 300i-1(c) for tampering with a public water supply must be brought by the EPA Administrator.").  If that case was correctly decided, Raquinio cannot bring an action against the defendants under this provision.

        Even assuming private citizens may bring civil actions for violations of 42 U.S.C. § 300i-1 (pursuant to the SDWA's citizen suit provision), the court still must dismiss Raquinio's Complaint.  It does not provide anywhere near enough factual content to allow this court to reasonably infer that the defendants are liable for violating 42 U.S.C. § 300i-1.  First, Raquinio's Complaint does not identify who specifically tampered with a public drinking water system.  Second, Raquinio must show that the alleged tampering is ongoing and amounts to a continuing violation of the SDWA.  *See* 42 U.S.C. § 300j-8 ("any person may

commence a civil action on his own behalf . . . against any person . . . who is alleged **to be in violation** of any requirement prescribed by or under this subchapter") (emphasis added); *cf. Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 59 (1987) ("The most natural reading of 'to be in violation' is a requirement that citizen-plaintiffs allege a state of either continuous or intermittent violation"). Third, Raquinio provides no indication that he has satisfied the presuit notice requirements of the SDWA's citizen suit provision (42 U.S.C. § 300j-8(b)). *Cf. Hallstrom v. Tillamook Cnty.*, 493 U.S. 20 (1989).

Ultimately, the allegations in Raquinio's Complaint are insufficient to support a claim under 42 U.S.C. § 300i-1. Moreover, the court cannot tell precisely what happened and how each defendant was involved. The court therefore cannot identify any other potentially viable claim. Accordingly, Plaintiff's Complaint is dismissed and his IFP Application is denied as moot.

**V.        CONCLUSION.**

The Complaint is dismissed, and the IFP Application is denied as moot. **The court grants Plaintiff leave to file a "First Amended Complaint" that states a viable claim or claims no later than August 4, 2023.** Plaintiff may submit another IFP Application at that time. Failure to file an Amended Complaint by August 4, 2023, as well as to pay the applicable filing fee or

submit a new IFP Application, will result in the automatic dismissal of this action.

The court provides some guidance to Raquinio if he decides to file a First Amended Complaint.  First, Raquinio should include as the title of his new document "First Amended Complaint."  Raquinio may, but need not, use a court form from this court's website, available at https://www.hid.uscourts.gov/court-forms/civil (last visited July 6, 2023).  The Clerk of Court is directed to provide to Raquinio copies of Form Pro Se 1 (Complaint in a Civil Case) and AO 240 (Application to Proceed Without Prepayment of Fees & Affidavit), but the court notes that other forms may be more applicable.  If Raquinio uses a court form, he may write the words "First Amended" before the word "Complaint."

Second, Raquinio should identify each defendant and state in simple language what each defendant allegedly did and what statute, law, or duty was supposedly breached by that defendant.  In other words, Raquinio should allege facts with respect to what each defendant allegedly did and what each defendant should be held liable for.  Any First Amended Complaint should contain enough factual detail for a person unfamiliar with the matter to understand why Raquinio is suing each defendant.  Raquinio may not incorporate anything by reference (including his original Complaint) in the First Amended Complaint.  Instead, the

First Amended Complaint must allege the factual details underlying the claims asserted in it.

Third, Raquinio should articulate the relief he is seeking. That is, if he is seeking prospective injunctive relief, he should say so clearly and identify the defendant(s) from whom he is seeking such relief. If he is seeking damages, he should be aware that damages may not be available to private citizens bringing suit for violations of the SDWA. *Mays v. City of Flint, Mich.*, 871 F.3d 437, 450 (6th Cir. 2017) ("there is no private right of action for damages arising from a violation of the SDWA"). Moreover, "the SDWA does not cover private property damage." 67 Am. Jur. 3d *Proof of Facts* § 95 (2002). If Raquinio seeks to recover for damage to private property, he must do so through other legal claims.

To summarize, Raquinio may file a First Amended Complaint stating one or more viable claims no later than August 4, 2023. He may submit another IFP Application by that deadline or pay the applicable filing fee. If Raquinio opts to submit a new IFP form, he should be sure to include all the information requested. His initial form fails to indicate the amount of income received over the last 12 months.

Failure to meet the August 4, 2023 deadline will cause this action to be dismissed.

 / /

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 11, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Noe Kim Raquinio v. Craig Sauers, Addy Bass, and Chase Gambill*, Civ. No. 23-00278-SOM-KJM; ORDER DISMISSING COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS.