IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOE KIM RAQUINIO,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG SAUERS, ADDY BASS, AND CHASE GAMBILL<br><br>Defendants. | CIV. NO. 23-00278-SOM-KJM<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT |

**ORDER DISMISSING**
**FIRST AMENDED COMPLAINT**

## I. INTRODUCTION AND BACKGROUND.

On July 5, 2023, Plaintiff Noe Kim Raquinio filed a Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF Nos. 1, 3. This court dismissed the Complaint with leave to amend because Raquinio failed to state a claim on which relief could be granted. ECF No. 6. On July 15, 2023, Raquinio filed a First Amended Complaint. ECF No. 8. This Complaint provides more detailed factual allegations than did the initial Complaint. Raquinio alleges that Defendants Craig Sauers, Addy Bass, and Chase Gambill dug up the fresh water line to his house.[1] ECF No. 8, PageID # 28. He also alleges that Defendants

[1] The court refers to Chase as Chase Gambill throughout this order. However, the court is not confident that this is the correct spelling of Chase's surname. In the First Amended Complaint, Raquinio alternately spells it Gambill and Gamble.

intentionally contaminated his water supply and that one or more of them damaged his personal property and verbally harassed and threatened him. ECF No. 8, PageID # 27.

The First Amended Complaint plainly includes greater detail than did the initial Complaint. That being said, it still lacks essential information, without which the court cannot proceed. Without more, the court cannot do the necessary work of determining whether it has jurisdiction over this matter. The court gives Raquinio leave to submit a Second Amended Complaint.

**II. JURISDICTION.**

The court must establish that it has jurisdiction. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal statutes provide two basic sources of subject-matter jurisdiction: federal-question jurisdiction (contained in 28 U.S.C. § 1332) and diversity jurisdiction (contained in 28 U.S.C. § 1331). This matter cannot proceed until the court determines that it has at least one of these types of jurisdiction.

**A. Federal-Question Jurisdiction.**

Congress has authorized the federal courts to exercise subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28

U.S.C. § 1331. This basis of jurisdiction is commonly referred to as "federal-question jurisdiction." To establish whether this court has federal-question jurisdiction here, the court needs to know the law under which Raquinio's action arises.

In his First Amended Complaint, as in his initial Complaint, Raquinio alleges that the Defendants violated 42 U.S.C. § 300i-1, a provision of the Safe Drinking Water Act ("SDWA") that prohibits tampering with public water systems. ECF Nos. 1,8. The court reminds Raquinio that only the Administrator of the Environmental Protection Agency ("EPA") is authorized to bring enforcement actions under this statute. 42 U.S.C. § 300i-1(c) ("The Administrator may bring a civil action . . . against any person who tampers, attempts to tamper, or makes a threat to tamper with a public water system."); *see also Fluker v. Fed. Bureau of Prisons*, No. CIV.A.07-CV-02426CMA, 2009 WL 1065986, at *3 (D. Colo. Apr. 21, 2009). Because Raquinio is not the EPA Administrator, he cannot invoke 42 U.S.C. § 300i-1(c) as the basis of this court's federal-question jurisdiction.

This court recognizes that the citizen suit provision of the SDWA allows "any person [to] commence a civil action . . . against any person . . . who is alleged to be in violation of" the SDWA. 42 U.S.C. § 300j-8(b). If Raquinio intended to rely on that statute, he must not only make that clear, he must also keep in mind the statute's presuit notice requirement, which

requires a plaintiff to notify the EPA, the alleged violators, and the state government at least sixty days before filing a civil action such as this one. 42 U.S.C. § 300j-8(b)(1)(A). "[C]ompliance with the 60-day notice provision is a mandatory, not optional, condition precedent for suit." *Cf. Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 26 (1989) (ruling with regards to the citizen suit provision of the Resource Conservation and Recovery Act, which, like the provision at issue here, was modeled upon § 304 of the Clean Air Amendments of 1970).

Of course, Raquinio may rely on other federal laws.

**B. Diversity Jurisdiction.**

A federal court has original jurisdiction based on diversity if "the matter in controversy exceeds the sum or value of $75,000 . . . and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). The court does not presently have the information it needs to determine that Raquinio's case satisfies these two requirements.

It is not clear whether the value of the relief Raquinio seeks satisfies the amount in controversy requirement. Raquinio says he seeks injunctive relief and $75,000 in damages. This information, on its own, does not show that the case has an adequate amount in controversy. First, if Raquinio intends to rely on the SDWA, that Act does not permit individuals to recover in damages. *See Mays v. City of Flint, Mich.*, 871 F.3d 437, 450

(6th Cir. 2017) ("there is no private right of action for damages arising from a violation of the SDWA"). Thus, if this is indeed an SDWA action, the damages Raquinio improperly seeks cannot be part of the estimated amount in controversy. Second, even if the $75,000 of damages could be calculated as part of the case's amount in controversy, it would not be sufficient because the diversity statute requires the matter in controversy to **exceed** $75,000. 28 U.S.C. § 1332(a)(1).

If Raquinio continues to believe that this case has an adequate amount in controversy, he must more clearly allege that this is so. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017).

Nor does it presently appear that Raquinio's citizenship is different from that of each Defendant, which is the other requirement of diversity jurisdiction. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In this context, citizenship refers to where someone is domiciled, meaning wherever they last had both an established presence and an intention to remain. *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940). One's domicile is not necessarily the same as one's residence. *KTS Properties, LLC v. Skaaning*, Civ. No. 0900433-SOM-BMK, 2010 WL 668812, at *4 (D. Haw. Feb. 24, 2010). However, current residence is a factor that is considered in a court's determination of domicile.

The First Amended Complaint includes no information about Addy Bass and Chase Gambill's state of domicile. The court cannot now assess where these Defendants are domiciled. As for Craig Sauers, the First Amended Complaint indicates that he is Raquinio's neighbor in Waikoloa. ECF No. 8, PageID # 28. The record suggests that Sauers may be a citizen of the same state as Raquinio, which, if true, would preclude this court from exercising diversity jurisdiction over this case.

**III. IFP Application.**

To proceed *in forma pauperis*, Raquinio must demonstrate that he is unable to prepay the court fees, and that he has sufficiently pled claims. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc), *overruled, in part, on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Raquinio's initial IFP form failed to indicate the amount of income he received over the last 12 months, which prevented the court from ruling on his application. ECF No. 6. The court told him he could file a new IFP application with his First Amended Complaint, *id.*, but he has neither done so nor alternatively paid the filing fee.

**IV. CONCLUSION.**

**Plaintiff is given leave to file a Second Amended Complaint by August 10, 2023.** The Second Amended Complaint must stand on its own rather than referring to or incorporating by

reference any prior complaint. Raquinio should clearly state the basis of federal-question jurisdiction over this case, including what federal law is implicated. If Raquinio has not satisfied all presuit requirements, he may consider allowing the present action to be dismissed and filing a new action after satisfying presuit requirements, or citing a new federal basis for jurisdiction. Alternatively, if he believes the court has diversity jurisdiction, he needs to consider each party's citizenship and the value of the relief he seeks. If Raquinio fails to file a Second Amended Complaint by August 10, 2023, the court will dismiss this case for lack of jurisdiction. Such a dismissal would not prevent Raquinio from proceeding in state court rather than trying to satisfy federal jurisdictional requirements, or seeking relief through the administrative process. In so stating, this court is not indicating that either a Second Amended Complaint in this case or any action commenced in a different forum will or will not have merit.

Plaintiff may also submit a new IFP Application with his Second Amended Complaint. In doing so, Raquinio should include all the information requested on the application. The Clerk is directed to send Raquinio a new IFP Application. Failure to pay the applicable filing fee or timely submit a new and complete IFP Application will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 20, 2023.




/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Noe Kim Raquinio v. Craig Sauers, Addy Bass, and Chase Gambill*, Civ. No. 23-00278-SOM-KJM; ORDER DISMISSING FIRST AMENDED COMPLAINT.